## In re AMERICAN CYANAMID COMPANY, Petitioner.

### No. MISC. 664.

United States Court of Appeals, Federal Circuit.

March 5, 2001.

Before PAULINE NEWMAN, GAJARSA, and LINN, Circuit Judges.

ON PETITION FOR WRIT OF MANDAMUS

PAULINE NEWMAN, Circuit Judge.

### ORDER

American Cyanamid Company petitions for a writ of mandamus to direct the United States District Court for the District of Colorado to vacate its order requiring the disclosure of two documents that Cyanamid claims are protected by the attorney-client privilege and the work product privilege. The University of Colorado Foundation, Inc., The University of Colorado, The Regents of the University of Colorado, Dr. Robert H. Allen and Dr. Paul A. Seligman (the University) oppose. Cyanamid replies.*

On in camera review of the documents, the district court found that, although the two disputed documents were protected by the attorney-client privilege and one of the documents was also protected by the work product privilege, the documents fell within the crime-fraud exception to the application of the privileges. The district court ordered that the documents be produced and admitted at the damages retrial "based solely on their relevance to the issues of punitive damages. They are not admitted as evidence on any issues of liability."

Cyanamid argues that in making its determinations requiring fraud, the district court improperly determined inventorship, and that the crime-fraud exception to the privileges does not apply because the documents were not created "in furtherance" of the alleged fraud. The University argues that Cyanamid's arguments concerning inventorship are not appropriate for review

---

* Cyanamid's motion for leave to file the reply is granted.

in a mandamus proceeding, that in any event the district court properly found a prima facie case of fraud sufficient to support the crime-fraud determination, and that the district court did find that the documents were relevant to the alleged fraud or a cover-up thereof.

In *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800 (Fed.Cir.2000), this court addressed the crime-fraud exception and granted a party's mandamus petition that sought vacatur of an order requiring production of certain privileged documents. "To invoke the crime-fraud exception, a party challenging the attorney-client privilege must make a *prima facie* showing that the communication was made 'in furtherance of' a crime or fraud." *Spalding*, 203 F.3d at 807. *See also In re Grand Jury Subpoenas*, 144 F.3d 653, 660 (10th Cir.1998) (requiring "prima facie evidence that the allegation of attorney participation in the crime or fraud has some foundation in fact").

On their face, the two disputed documents were not "in furtherance" of the fraud that the district court found, and do not prima facie show fraud or fraudulent concealment. *See In re Grand Jury Subpoenas*, 144 F.3d 653, 660 (10th Cir.1998). The required prima facie showing has not been made. Thus abrogation of the attorney-client privilege on this ground is not warranted.

Accordingly,

IT IS ORDERED THAT:

Cyanamid's petition for a writ of mandamus is granted.